# 12-3448-cv(L),

## 12-3450-cv(CON), 12-5127-cv(CON)

# United States Court of Appeals

*for the*

# Second Circuit

JAMES E. ZALEWSKI, DRAFTICS, LTD.,

*Plaintiffs-Counter Defendants-Appellants,*

– v. –

CICERO BUILDER DEV., INC., LUIGI CICERO,

*Defendants-Third Party-Plaintiffs-Appellees,*

T.P. BUILDERS, INC., THOMAS PAONESSA,

*Defendants-Third Party-Cross Defendants-Counter Claimants-Appellees,*

CILLIS BUILDERS, INC., THEODORE CILLIS, III,

*Defendants-Cross Defendants-Cross Claimants-Appellees,*

*(For Continuation of Caption See Inside Cover)*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

# SUPPLEMENTAL BRIEF AND SUPPLEMENTAL SPECIAL APPENDIX FOR PLAINTIFFS-COUNTER DEFENDANTS-APPELLANTS

LEE PALMATEER LAW OFFICE LLC
90 State Street, Suite 700
Albany, New York 12207
(518) 591-4636

*Attorneys for Plaintiffs-Counter
Defendants-Appellants*

DERAVEN DESIGN & DRAFTING, a Sole Proprietorship formed, on information and belief, in Albany County, New York,

*Defendant-Cross Claimant-Counter Claimant-Appellee,*

ROXANNE K. HELLER, a natural person,

*Defendant-Cross Defendant-Cross Claimant-Counter Claimant-Appellee,*

V.S. SOFIA ENGINEERING, a Sole Proprietorship formed, on information and belief, in Albany County, New York, SOFIA ENGINEERING, PLLC, a New York Limited Liability Company, VINCENZO S. SOFIA, a natural person,

*Defendants-Appellees,*

DALTON MCADAMS, MARY PAONESSA, a natural person, CW CUSTOM BUILDERS, LLC, a New York Limited Liability Company, M.G. HEALEY BUILDERS, INC., a New York Corporation, MIKRON GENERAL CONTRACTORS, INC., a New York Corporation, MICHAEL G. HEALEY, a natural person, C.B. PRIME PROPERTIES, INC., a New York Corporation, DBA Coldwell Banker Prime Properties, Inc., REALTY USA-CAPITAL DISTRICT AGENCY, INC., a New York Corporation, CARA CARLEY, a natural person, THOMAS MARKS, a natural person, KIM HART, a natural person, RICHARD H. GREEN, P.E., P.C., a New York Professional Corporation, RICHARD H. GREEN, a natural person, SARATOGA GLEN BUILDERS, LLC, a New York Limited Liability Company, INGALLS & ASSOCIATES, LLP, a New York Limited Liability Partnership on information and belief, FKA Ingalls, SMART ASSOCIATES, KELLER WILLIAMS REALTY, INC., a Texas Corporation, KELLER WILLIAMS REALTY CAPITAL DISTRICT, a New York unincorporated entity, DANIELLE ENOS, a natural person, KEITH ENOS, a natural person, KEITH VINEHOUT, a natural person, LAWRENCE WARNER, a natural person, MICHAEL MARTIN, a natural person, JOSEPH R. SEVERENCE, a natural person, CREATIVE DRAFTING SERVICES, INC., a New York Corporation, DAVID J. HOPPER, a natural person, SHELROC HOMES, LLC, a New York Limited Liability Company, CAPITAL FRAMING, INC., a New York Corporation, JOSEPH M. CLARK, a natural person, SCOTT A. HARGRAVES, Husband of Kristen M. Hargraves, Owner of Record, 37 JoAnn Court, Colonie, Albany County, New York, a natural person, KRISTEN M. HARGRAVES, Wife of Scott A. Hargraves, Owner of Record, 37 JoAnn Court, Colonie, Albany County, New York, a natural person, QUDSEYA ANWAR, Owner of Record, 564 Snyders Lake Road, North Greenbush, Rensselaer County, New York, a natural person, ROBERT K. SUTHERLAND, Husband of Deborah L. Sutherland, Owner of Record, 35 JoAnn Court, Colonie, Albany County, New York, a natural person, DEBORAH L. SUTHERLAND, Wife of Robert K. Sutherland, Owner of Record, 35 JoAnn Court, Colonie, Albany County, New York, a natural person, LAWRENCE W. WARNER, Husband of Mary Warner, Owner of Record, 10 Peachtree Lane, Colonie, Albany

County, New York, natural person, MARY WARNER, Wife of Lawrence W. Warner, Owner of Record, 10 Peachtree Lane, Colonie, Albany County, New York, a natural person, JOSEPH GOYETTE, Husband of Jennifer Goyette, Owner of Record, 14 Peachtree Lane, Colonie, Albany County, New York, a natural person, JENNIFER GOYETTE, Wife of Joseph Goyette, Owner of Record, 14 Peachtree Lane, Colonie, Albany County, New York, a natural person, JOHN A. RICCI, Owner of Record, 6 Peachtree Lane, Colonie, Albany County, New York, a natural person, BETH F. BIRNBAUM, Owner of Record, 6 Peachtree Lane, Colonie, Albany County, New York, a natural person, PETER S. NATI, Husband of Maureen A. Nati, Owner of Record, 5 Peachtree Lane, Colonie, Albany County, New York, a natural person, MAUREEN A. NATI, Wife of Peter S. Nati, Owner of Record, 5 Peachtree Lane, Colonie, Albany County, New York, a natural person, PETER A. LOMANTO, Husband of Roxanne Lomanto, Owner of Record, 24 Arch Avenue, Bethlehem, Albany County, New York, a natural person, ROXANNE LOMANTO, Wife of Peter A. Lomanto, Owner of Record, 24 Arch Avenue, Bethlehem, Albany County, New York, a natural person, ROBERT C. CARL, Husband of Brenda H. Carl, Owner of Record, 14 Dominico Dr., Bethlehem, Albany County, New York, a natural person, BRENDA H. CARL, Wife of Robert C. Carl, Owner of Record, 14 Dominico Dr., Bethlehem, Albany County, New York, a natural person, JOHN D. ROBINSON, Husband of Andrea Robinson, Owner of Record, 19 Timber Lane, Bethlehem, Albany County, New York, a natural person, ANDREA ROBINSON, Wife of John D. Robinson, Owner of Record, 19 Timber Lane, Bethlehem, Albany County, New York, a natural person, DONALD A. DAWSON, JR., Husband of Joan E. Dawson, Owner of Record, 20 Timber Lane, Bethlehem, Albany County, New York, a natural person, JOAN E. DAWSON, Wife of Donald A. Dawson Jr., Owner of Record, 20 Timber Lane, Bethlehem, Albany County, New York, a natural person, DAVID GERICKE, Husband of Lorraine Gericke, Owner of Record, 23 Timber Lane, Bethlehem, Albany County, New York, a natural person, FKA John Karamanlis, LORRAINE GERICKE, Wife of David Gericke, Owner of Record, 23 Timber Lane, Bethlehem, Albany County, New York, a natural person, FKA Michelle Karamanlis, PAUL J. STENTO, Husband of Judith L. Stento, Owner of Record, 24 Timber Lane, Bethlehem, Albany County, New York, a natural person, JUDITH L. STENTO, Wife of Paul J. Stento, Owner of Record, 24 Timber Lane, Bethlehem, Albany County, New York, a natural person, PAUL L. MARSHALL, Owner of Record, 73 Henderson Road, Bethlehem, Albany County, New York, a natural person, JENNIFER A. PULIS, Owner of Record, 73 Henderson Road, Bethlehem, Albany County, New York, a natural person, JAMES F. LARAMIE, Jr., Husband of Harleen M. Laramie, Owner of Record, 30 Timber Lane, Bethlehem, Albany County, New York, a natural person, HARLEEN M. LARAMIE, Wife of James F. Laramie, Jr., Owner of Record, 30 Timber Lane, Bethlehem, Albany County, New York, a natural person, LOUIS MEO, Husband of Patricia A. Meo, Owner of Record, 57 Henderson Road, Bethlehem, Albany County, New York, a natural person, PATRICIA A. MEO, Wife of Louis Meo, Owner of Record, 57 Henderson Road, Bethlehem, Albany County, New York, a natural person, KEVIN M. QUINN, Husband of Meryl P. Quinn, Owner of Record, 71 Patterson Drive, Bethlehem, Albany County, New York, a natural person, MERYL P. QUINN, Wife of Kevin M. Quinn, Owner of Record, 71 Patterson Drive, Bethlehem, Albany County, New York, a natural person, JOSEPH M. PICKETT, JR., Owner of Record, 52

Whitney Road South, Saratoga Springs, Saratoga County, New York, a natural person, MEGHAN SMITH, Owner of Record, 52 Whitney Road South, Saratoga Springs, Saratoga County, New York, a natural person, CHARLES R. HAYES, Owner of Record, 1 Peachtree Lane, Colonie, Albany County, New York, a natural person, ASHLEY L. BEADLE, Owner of Record, 1 Peachtree Lane, Colonie, Albany County, New York, a natural person, RAYMOND FOLLI, Husband of Amy Folli, Owner of Record, 9 Kaleen Drive, Ballston Spa, Saratoga County, New York, a natural person, AMY FOLLI, Wife of Raymond Folli, Owner of Record, 9 Kaleen Drive, Ballston Spa, Saratoga County, New York, a natural person, THOMAS A. BULT, Husband of Randi S. Bult, Owner of Record, 4186 Albany Street, Albany, Albany County, New York, a natural person, RANDI S. BULT, Wife of Thomas A. Bult, Owner of Record, 4186 Albany Street, Albany, Albany County, New York, a natural person, 1Owner of Record, 1 Kaleen Drive, Ballston Spa, Saratoga County, New York, presumed to be one or more natural persons, 9Owner of Record, 9 Kaleen Drive, Ballston Spa, Saratoga County, New York, presumed to be one or more natural persons, 11Owner of Record, Owner of Record, 11 Kaleen Drive, Ballston Spa, Saratoga County, New York, presumed to be one or more natural persons, 14Owner of Record, Owner of Record, 14 Thoroughbred Circle, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 23Owner of Record, Owner of Record, 23 Thoroughbred Circle, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 24Owner of Record, Owner of Record, 24 Thoroughbred Circle, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 32Owner of Record, Owner of Record, 32 Thoroughbred Circle, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 42Owners of Record, Owners of Record, 42 Patterson Drive, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 45Owners of Record, Owners of Record, 45 Patterson Drive, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 61Owners of Record, Owners of Record, 61 Patterson Drive, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 104Owner of Record, Owner of Record, 104 Stacey Crest Drive, Rotterdam, Schenectady County, New York, presumed to be one or more natural persons, 5011Owner of Record, 5011 Colonial Drive, Guilderland, Albany County, New York, presumed to be one or more natural persons, JONATHAN S. VAN ETTEN, 24 Timber Lane Glenmont, NY 12077, MARY S. VAN ETTEN, 24 Timber Lane Glenmont, NY 12077 Owner of record, Huadong Cui, 57 Henderson Road Glenmont, NY 12077 Owner of record, CHRISTIAN J. GRIECO, 71 Henderson Road Glenmont, NY 12077 Owner of Record, DEBRA L. GRIECO, 71 Henderson Road Glenmont, NY 12077 Owner of record, JOHN A. TUROSKI, 42 Patterson Drive Glenmont, NY 12077, MARGARET E. TUROSKI, 42 Patterson Drive Glenmont, NY 12077, DAVID B. LANG, 61 Patterson Drive Glenmont, NY 12077, KATHRYN F. LANG, 61 Patterson Drive Glenmont, NY 12077, CHARLES SERAPILIO, 104 Stacey Crest Drive Rotterdam, NY 12306,

*Defendants.*

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

---

ZALEWSKI

                    Plaintiffs - Appellants,        Docket No.  12-3448 (L)
        vs.                                            12-3450 (con)
                                                          12-5127 (con)

CICERO BUILDER DEV., INC.

                    Defendants - Appellees

---

**APPELLANTS' CORPORATE DISCLOSURE STATEMENT (FRAP 26.1)
FOR APPELLANT'S SUPPLEMENTAL BRIEF**

       Pursuant to Federal Rule of Appellate Procedure 26.1, Appellant DRAFTICS, LTD., by and through its undersigned counsel, certifies that it has no parent corporation or any publicly held corporation owning 10% or more of its stock.

                                   Respectfully submitted,

                                   DRAFTICS, LTD.

                                   *By its attorneys,*

Dated: May 3, 2012               /s/  Lee Palmateer_____
                                   Lee Palmateer
                                   LEE PALMATEER LAW OFFICE LLC
                                   90 State Street
                                   Suite 700
                                   Albany, NY 12207
                                   Phone: 518-591-4636
                                   Fax #:1-518-677-1886 (must use all digits)
                                   Email: lee@palmateerlaw.com
                                   *Attorneys for James E. Zalewski and*
                                   *Draftics, Ltd., Plaintiffs-Appellants*

# Table of Contents

Jurisdictional Statement ........................................................................... 1

Statement of the Issues Presented for Review ......................................... 1

Statement of the Case .............................................................................. 1

Statement of Facts ................................................................................... 2

Summary of Appellants' Argument .......................................................... 6

Argument .................................................................................................. 7

    I.     Standard of Review ...................................................................... 7

    II.    Reversal on the Merits would Vitiate Defendants-Appellees' Status as Prevailing Parties and therefore Requires Reversal of the Attorneys' Fees Judgment ...................................................................................... 8

    III.   The District Court Held Plaintiffs-Appellants' Copyright Infringement Claims to be Objectively Reasonable, but Abused Its Discretion by Imposing an Attorneys' Fees Sanction for Pleading Deficiencies in Prior Superseded Complaints ................................................................................. 9

    IV.   The Amount of Attorneys' Fees Awarded is Excessive. ........................... 13

        A.  The *AIPLA Report of The Economic Survey 2011* does not support the amount of fees requested by T.P. Builders. ................................ 14

        B.  The Record is Inadequate to Support T.P.'s Attorney's Fees Request. ...... 15

Conclusion ............................................................................................. 16

# Table of Authorities

## Cases

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110 (2d Cir. 2007) ............................................................... 14

*Axelrod & Cherveny Architects, P.C. v. Winmar Homes*, 2007 WL 708798 (E.D.N.Y. 2007) .................................................................... 12

*Chapman v. New York State Div. for Youth*, 2007 WL 2437282 (N.D.N.Y.) ..... 9, 10

*Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994) ........................................ 9

*Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116 (2d Cir. 2001) ....... 7, 8, 9

*Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC,* 497 F.3d 133 (2d Cir. 2007) ........................................................................... 13

*Silberstein v. Fox Entm't Grp., Inc.*, 536 F.Supp.2d 440 (S.D.N.Y. 2008) ... 4, 9, 10, 11

i

*Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 2004 WL 213032
(S.D.N.Y.)................................................................................................15

**Statutes**

17 U.S.C. § 505............................................................................................8, 9

28 U.S.C.A. § 1291..........................................................................................1

28 U.S.C.A. § 1294..........................................................................................1

28 U.S.C.A. § 1331..........................................................................................1

28 U.S.C.A. § 1338..........................................................................................1

## Jurisdictional Statement

This is an appeal from a final judgment of the District Court for the Northern District of New York entered on November 21, 2012 awarding attorney's fees in a copyright infringement action.  Plaintiffs-Appellants (hereinafter collectively "Mr. Zalewski") filed their Notice of Appeal on December 18, 2012 and an Amended Notice of Appeal on December 21, 2012.  The district court had subject matter jurisdiction under 28 U.S.C.A. §§ 1331 and 1338.  This Court has jurisdiction of this appeal under 28 U.S.C.A. §§ 1291 and 1294.

## Statement of the Issues Presented for Review

1. Did the District Court err in awarding attorney's fees to Defendants-Appellees?

2. Did the District Court err in fixing the amount of attorney's fees it awarded to Defendants-Appellees?

## Statement of the Case

In its unreported Decision entered on November 21, 2012, the District Court (Gary L. Sharpe, C.J.) awarded attorney's fees pursuant to Section 505 of the Copyright Act to Defendants-Appellees Roxanne Heller and DeRaven Design & Drafting (hereinafter collectively "DeRaven") and T.P. Builders, Inc. and Thomas Paonessa (hereinafter collectively "T.P. Builders").  The awards were in the amount of $16,795.80 to DeRaven and $120,972.50 to T.P. Builders.

1

The court previously dismissed Mr. Zalewski's claims in a judgment that is the subject of Appeal Nos. 12-2448 (L) and 12-3450 (con).  This Supplemental Brief is filed pursuant to an Order dated February 21, 2013 consolidating this Appeal No. docket 12-5127 (con) with the Lead appeal and directing Mr. Zalewski to brief issues related to this appeal.  By Order date March 28, 2010, the Court granted Mr. Zalewski leave to file a supplemental appendix with this supplemental brief.

## Statement of Facts

Mr. Zalewski defers to his main Brief for a statement of the factual basis for his copyright infringement claims.  This statement is limited to the facts unique to the attorney's fees award, many of which are in the nature of procedural history.

Mr. Zalewski's former attorney filed a Complaint on July 16, 2010 and an Amended Complaint on August 24, 2010 (SA1-72)[1] alleging copyright infringement of several home designs arising from Defendants-Appellees' construction of many infringing homes.  As a result of the sheer number of infringing houses, ninety (90) defendants were named including home owners and

---

[1] Page references to the appendices use the following nomenclature:  "A#" and "SPA#" for the Appendix and Special Appendix to the main brief; and "SA#" and "SSPA#" for the Supplemental Appendix and Supplemental Special Appendix filed with the supplemental brief.

commercial parties such as designers, builders, engineers and real estate agencies believed to have participated in the infringements.  (SA332, ¶¶ 4 and 5; SA1-72).  Mr. Zalewski quickly dismissed most of the parties[2] and filed a Second Amended Complaint (SA90-113) on October 27, 2010 naming only builders and designers who spearheaded the infringements, including T.P. Builders, DeRaven and others.

On Defendants-Appellees' motion, the District Court dismissed the Second Amended Complaint for failure to meet the minimum pleading standards of Fed. R. Civ. P. Rule 8.  (SA164).  However, the District Court *sua sponte* granted leave for Mr. Zalewski to amend his Complaint.  (*Id.*).  In its decision, the court stated expressly that the amended complaint would supersede the prior complaints and render them "of no legal effect," and that "the court will not consider any of the allegations contained in plaintiffs' three prior complaints in future motion practice."  (SA157-158).  Mr. Zalewski then hired new counsel (his current counsel) who prepared and filed a Third Amended Complaint on his behalf.

---

[2] After a preliminary case management conference attended by T.P. Builders, DeRaven and other parties, Mr. Zalewski informed the District Court by Status Reports on September 10, 2010 (SA74) and September 17, 2010 (SA78) that he would voluntarily dismiss all parties except the principal offenders.  The subsequent Stipulations and Orders of dismissal expressly directed each party to bear its own attorney's fees and costs.  (SA82-89 and 115-120).

On further motions, the District Court dismissed the Third Amended

Complaint on the merits.  (SPA1-13 and 14-53).  The Court held that some of Mr.

Zalewski's designs lack sufficient detail to be worthy of copyright protection

(SPA29-31), and that others are legally indistinguishable from factual compilations

and must be measured under a "supersubstantial similarity" test requiring "near

identity" of expression.  (SPA38-41).  That decision is the subject of the Lead

Appeal.

Subsequently, DeRaven and T.P. Builders moved for attorney's fees.  The

District Court found Mr. Zalewski's Third Amended Complaint to be objectively

reasonable, and denied recovery of fees incurred defending that complaint.

However, the court awarded attorney's fees incurred defending the superseded

earlier complaints because:

> [P]laintiffs' earlier Complaints . . . were strewn with legal conclusions
> and lacked sufficient factual bases to survive defendants' motions to
> dismiss.  In fact, plaintiffs did not even include copies of their works
> or proof of copyright registration with either the Amended or Second
> Amended Complaints.  And while there are in excess of eighty
> drawings attached to the original Complaint, the description of the
> alleged infringement is nearly unintelligible.  Finally, plaintiffs'
> decision to name numerous defendants who they now admit "bore no
> culpability," unnecessarily complicated the litigation.  Among other
> reasons, these infirmities lead the court to conclude that plaintiffs' first
> three Complaints were ***"patently devoid of a legal ... basis."***
> [*Silberstein v. Fox Entm't Grp., Inc.*, 536 F.Supp.2d 440, 443, 444
> (S.D.N.Y. 2008)].

> In sum, having reviewed the record as a whole, and considering both
> equity in awarding attorneys' fees and the purposes served by doing

4

so, the court concludes that plaintiffs' first three Complaints were objectively unreasonable.  On the contrary, plaintiffs' Third Amended Complaint was not so, as it advanced claims that will contribute to the demarcation of "the boundaries of copyright law."

(SSPA7-8) (internal citations to record omitted; emphasis added).

The record of this action as reflected in the District Court Docket Sheet show the following basic aspects of T.P. Builders' and DeRaven's defense of the first three complaints:

- Receive and review Complaints (Docs. 1, 11 and 60)[3];

- Participate in court conference on Sept. 9, 2010 (Sept. 9, 2010 Docket Entry);

- Prepare Case Management Plan (Doc. 80);

- Prepare and file Answer to Second Amended Complaint (Docs. 100 and 82, respectively);

- Conduct deposition of Mr. Zalewski on the sole issue of his first awareness of the infringements (see Docs. 83 and 90);

- Receive and review Mr. Zalewski's Answer to counterclaims (Docs. 113 and 94, respectively);

- Prepare and file a motion to dismiss the Second Amended Complaint (Docs. 107 and 104, respectively), receive and review opposition to said motion

---

[3] "Doc." refers to documents by docket number on the Docket Sheet for District Court Case No. 1:10-cv-00876-GLS-RFT.  These references are not made to bring the documents to the Court's attention, but rather to bring the docket entries themselves to the Court's attention, as they represent an independent record of the scope of the proceedings.

(Doc. 122), and prepare Reply to opposition in said motion (Docs. 129 and 123, respectively); and

- Receive and review the Memorandum-Decision and Order of dismissal (Doc. 133).

The Action was commenced on July 16, 2010.  (Doc. 1).  T.P. Builders' and DeRaven's motions were fully submitted less than ten months later, as of May 2, 2011.  (Doc. 129).  The case was dismissed on August 2, 2011, barely more than one year after it was commenced.  (Doc. 133).

## Summary of Appellants' Argument

The dismissal of Mr. Zalewski's copyright infringement claims must be reversed for the reasons argued in Mr. Zalewski's main Brief.  As that reversal would vitiate Defendants-Appellees' status as prevailing parties, the attorney's fees award must also be reversed.

The attorney's fees award must also be reversed because the District Court applied the wrong legal standard under the Copyright Act "objective reasonableness" doctrine.  A non-prevailing plaintiff's claims are objectively unreasonable only if they are "patently devoid of legal or factual basis."  The District Court acknowledged that Mr. Zalewski's Third Amended Complaint was objectively reasonable, yet awarded attorney's fees on the grounds that Mr. Zalewski's prior superseded complaints were "devoid of legal basis."  As the

factual and legal basis for the Third Amended and superseded complaints are the same, the award constitutes legal error.

The principle purpose of the Copyright Act is to encourage the origination of creative works by attaching enforceable property rights to them. Fee awards must serve that purpose. The objective reasonableness standard does so by discouraging the assertion of claims that are patently devoid of merit under copyright law. However, the District Court construed Section 505 of the Copyright Act to impose a sanction for mere pleading deficiencies that were remedied early in the case. That is the wrong standard and constitutes an abuse of discretion that has a chilling effect on the assertion of legitimate claims.

In addition, the award of $120,972.50 in attorney's fees to T.P. Builders for succeeding on a pre-discovery dismissal motion is excessive. DeRaven's fees for the same work were $16,795.80.

## Argument

### I.    Standard of Review.

A district court's award of attorney's fees will be reversed on appeal only for an abuse of discretion. *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001). However, a district court necessarily abuses its discretion if its conclusions are based on an erroneous determination of law, such as applying the

wrong legal standard, or based on a clearly erroneous assessment of the evidence.

*Id*.

## II. Reversal on the Merits would Vitiate Defendants-Appellees' Status as Prevailing Parties and therefore Requires Reversal of the Attorneys' Fees Judgment.

The dismissal of Mr. Zalewski's copyright infringement claims must be reversed for the reasons argued in Mr. Zalewski's main Brief. That reversal would vitiate the defendants' status as a prevailing party, which is a predicate for the attorney's fees award. 17 U.S.C. § 505 ("the court may . . . award a reasonable attorney's fee to the prevailing party").[4] Therefore, the attorney's fees award must be reversed.

---

[4] 17 USCA § 505 provides, in its entirety: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

**III.  The District Court Held Plaintiffs-Appellants' Copyright Infringement Claims to be Objectively Reasonable, but Abused Its Discretion by Imposing an Attorneys' Fees Sanction for Pleading Deficiencies in Prior Superseded Complaints.**

The Copyright Act gives courts discretion to award reasonable attorney's fees to the prevailing party.  *See* 17 U.S.C. § 505.  In making this determination, the court considers the following factors:  "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n. 19 (1994) (internal quotations and citations omitted).

The objective reasonableness factor should be emphasized and given substantial weight.  *Matthew Bender*, 240 F.3d 116, 122.   In awarding attorney's fees under the copyright act, a courts' discretion must be "faithful to the purposes of the Copyright Act."  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535.

> The principle purpose of the Copyright Act is to encourage the origination of creative works by attaching enforceable property rights to them.  . . .  The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act.

*Matthew Bender*, 240 F.3d 116, 122.

Not all unsuccessful litigated copyright claims are objectively unreasonable.  *Silberstein v. Fox Entm't Group, Inc.*, 536 F. Supp. 2d 440, 443-444; *Chapman v. New York State Div. for Youth*, 2007 WL 2437282, 6 (N.D.N.Y.).  Instead, "the

courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Silberstein*, at 444 (internal quotations and citation omitted); see also *Chapman*, 2007 WL 2437282, 6.

In awarding attorney's fees in this case, the District Court considered frivolousness, motivation, objective unreasonableness and the need in particular circumstances to advance considerations of compensation and deterrence. (SSPA3). The court rejected Defendants-Appellees' arguments that Mr. Zalewski's claims were frivolous or poorly motivated (see SSPA5, n.3) and awarded fees on the grounds that Mr. Zalewski's first three complaints were objectively unreasonable. (SSPA7-8).

However, the District Court held Mr. Zalewski's Third Amended Complaint to be objectively reasonable (SSPA7-8), i.e., to have sound legal and factual bases. As the legal and factual bases of Mr. Zalewski's claims against T.P. Builders and DeRaven were the same for all of the complaints, even if inartfully pleaded in the superseded complaints, the basis for the fee award boils down to pleading deficiencies, not the factual or legal basis of Mr. Zalewski's claims.

However, pleading deficiencies are no grounds for fees under the Copyright Act. In awarding attorney's fees, a courts' discretion must be "faithful to the purposes of the Copyright Act." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535.

10

After recognizing that Mr. Zalewski's copyright claims against T.P. Builders and DeRaven were objectively reasonable, what purpose of the Act was served by the award?

The award appears to be a proxy for sanctions, which serves a different purpose than the Copyright Act. [5]   The Copyright Act should not be put to such use.  *See Silberstein v. Fox Entm't Group, Inc.*, 536 F. Supp. 2d 440, 444 (expressed reluctance to award fees under the Copyright Act when the basis for the award "would have been addressed more appropriately in a motion for sanctions"). Whether Mr. Zalewski's pleading deficiencies justified sanctions is an issue that would have been addressed more appropriately in a motion for sanctions when those pleadings were already being scrutinized in the dismissal motions.  Then, Mr. Zalewski's prior attorney – upon whom he relied – could have defended against the sanction and shared in the burden thereof.

However, sanctions were not appropriate and were not imposed.  To the contrary, the District Court *sua sponte* granted leave to Mr. Zalewski to re-plead his claims (SA157 and 164-165), which he did in his Third Amended Complaint. The District Court expressly stated that the prior complaints would be "of no legal

---

[5] This argument is in no way intended to suggest that grounds exist for sanctions under Fed. R. Civ. P. 11 standards or any standard.

11

effect" and that it "will not consider any of the allegations contained in plaintiffs'

three prior complaints in future motion practice."  (SA158).   Mr. Zalewski's

subsequent litigation decisions were made under those premises, as well as a good

faith belief in his claims.  Had sanctions been imposed, Mr. Zalewski's would have

had an entirely different set of circumstances to inform his future litigation

decisions.  It seems fundamentally unjust and an abuse of discretion to award

attorney's fees now, after significant additional litigation was pursued.  Worse yet,

after saying it would not consider the prior allegations in future motion practice,

the District Court did just the opposite by making them the central basis for

awarding fees.

The District Court also cited claims made against other parties who "bore no

culpability" as an infirmity in the superseded pleadings.  However, while many of

the dismissed defendants bore no culpability in the sense that they did not share

DeRaven's and T.P. Builder's knowledge, intent and profit motive, culpability is

not an element of copyright infringement, and Mr. Zalewski's claims against those

parties had sound legal and factual bases.  *See Axelrod & Cherveny Architects,

P.C. v. Winmar Homes*, 2007 WL 708798, 7 (E.D.N.Y. 2007) (homeowner's

involvement in the design of his or her home can constitute infringement).

Equally as important, if not more so, Mr. Zalewski quickly and voluntarily

dismissed his claims against those parties pursuant to so-ordered stipulations in

12

which they agreed to bear their own attorney's fees. (SA82-89 and 115-120).
How do claims made against other parties -- and settled with the court's
imprimatur -- have any bearing on the objective reasonableness of Mr. Zalewski's
claims against T.P. Builders and DeRaven? Mr. Zalewski respectfully submits that
they do not, and that revisiting those superseded claims in a cursory fashion at the
end of the case serves no purpose under the Copyright Act, particularly when they
would have been addressed more appropriately in a timely motion for sanctions.

### IV.  The Amount of Attorneys' Fees Awarded is Excessive.

 Courts within the Second Circuit apply the "presumptively reasonable fee
analysis" in determining the appropriate amount of attorneys' fees to award.
*Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC,* 497 F.3d 133, 141 (2d
Cir. 2007). This analysis involves determining the reasonable hourly rate for each
attorney and the reasonable number of hours expended, and multiplying the two
figures together to obtain the presumptively reasonable fee award. *Id.* (quotation
marks and internal citations omitted). In determining what is reasonable the
following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the
> questions; (3) the level of skill required to perform the legal service
> properly; (4) the preclusion of employment by the attorney due to
> acceptance of the case; (5) the attorney's customary hourly rate; (6)
> whether the fee is fixed or contingent; (7) the time limitations
> imposed by the client or the circumstances; (8) the amount involved in
> the case and the results obtained; (9) the experience, reputation, and
> ability of the attorneys; (10) the 'undesirability' of the case; (11) the

13

nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 114, n. 3 (2d Cir. 2007).

### A. The *AIPLA Report of The Economic Survey 2011* does not support the amount of fees requested by T.P. Builders.

T.P. Builders' $120,972.50 in attorney's fees is excessive. According to the *AIPLA Report of The Economic Survey 2011* ("AIPLA Survey") data for the "Other East" region, the average total cost of litigation through completion of discovery in copyright cases having up to $1,000,000 at stake was $181,000 (SA330).[6] There has been little or no discovery in this action other than a single deposition on the narrow issue of Mr. Zalewski's first awareness of Defendants-Appellees' infringing conduct. Yet T.P. Builders' attorney's fees alone amount to two-thirds (2/3) the AIPLA Survey average costs through completion of discovery, even without adjusting for other costs built into the Survey data or adjusting for

---

[6] The AIPLA Survey, issued by the American Intellectual Property Law Association (AIPLA), presents an inflated reference because it includes travel and living expenses, court reporter fees, photocopies, expert witnesses, and many other expenses typical of litigation that were not incurred by or awarded to Defendants-Appellees here. It is further inflated because the mean attorney's fees for partners in the "Other East" region are $355 per hour (SA-266), which significantly exceeds the reasonable rate of $275 per hour, as determined in the Court's decision (SSPA11), for partners in Albany, New York. T.P. Builders relied on the Survey in its motion. (SA175, ¶ 7; SA263-267)

14

lower fee rates in Albany, New York compared to the "Other East" region in the Survey.   (See footnote 6, *supra*).

Compare this case with a 2004 copyright case in New York City in which CNN was awarded $115,928.69 in attorney's fees.  *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 2004 WL 213032, 5 (S.D.N.Y.).   The *Video-Cinema* court found CNN's fees "reasonable for this protracted litigation that spanned three years and included motions, depositions, and discovery requests and disputes." *Id.* at 3.  T.P. Builders' $120,972.50 award exceeds that amount for litigation that was dismissed at the pleading stage, barely more than one year after it was commenced.

## B.  The Record is Inadequate to Support T.P.'s Attorney's Fees Request.

So that the fee award does not amount to a windfall, Defendants' attorney billing arrangements are a significant factor in determining what fee is reasonable. *Video-Cinema Films*, at 5.  It seems evident from T.P. Builders' billing entries (e.g., December 1, 2010, February 7, 15, and 23, and August 3, 2011) that T.P. Builders' defense is being paid by one or more insurance companies.  (SA211, 218, 221, 224 and 233).   Thus, it is important to know any billing arrangement between T.P. Builders' attorneys and the insurance companies.  Also, since T.P. Builders did not provide any attorney invoices, there is no way to determine how much attorney time was actually billed.  The record is therefore inadequate to determine what T.P. Builders actually paid or what its attorneys actually billed.

15

T.P. Builders' attorney time records are replete with vague entries that cannot be reliably assessed for reasonableness.  In addition, many entries were redacted, with most of those entries being rendered incapable of reliable assessment for reasonableness.

## **Conclusion**

For the foregoing reasons, the District Court's award of attorney's fees should be reversed.

Dated:  May 3, 2012        /s/Lee Palmateer
Lee Palmateer
LEE PALMATEER LAW OFFICE LLC
90 State Street
Suite 700
Albany, New York 12207
Tel: (518) 591-4636
Fax: 1-518-677-1886
Email: lee@palmateerlaw.com
*Attorneys for James E. Zalewski and Draftics, Ltd.*

**SUPPLEMENTAL SPECIAL APPENDIX**

i

**SUPPLEMENTAL SPECIAL APPENDIX
TABLE OF CONTENTS**

**Page**

Memorandum–Decision and Order of the
   Honorable Gary L. Sharpe, dated
   November 21, 2012 .............................................. SSPA-1

Judgment, dated November 21, 2012 ....................... SSPA-14

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES E. ZALEWSKI et al.,**

|                          |                     |
|--------------------------|---------------------|

                                  **Plaintiffs,**                     **1:10-cv-876
                                                                               (GLS/RFT)**

                **v.**

**T.P. BUILDERS, INC. et al.,**

                                  **Defendants.**
_____

**JAMES E. ZALEWSKI et al.,**

                                  **Plaintiffs,**                     **1:11-cv-1156
                                                                                   (GLS/RFT)**

                **v.**

**CICERO BUILDER DEV., INC.
et al.,**

                                  **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Lee Palmateer Law Office LLC         LEE PALMATEER, ESQ.
90 State Street, Suite 700
Albany, NY 12207

**FOR THE DEFENDANTS:**
*T.P. Builders and Thomas Paonessa*
Schmeiser, Olsen Law Firm          ARLEN L. OLSEN, ESQ.
22 Century Hill Drive
Suite 302
Latham, NY 12110

*Cicero Building Dev., Inc*
*and Luigi Cicero*
Office of Paul C. Rapp                    PAUL C. RAPP, ESQ.
P.O. Box 366
Monterey, MA 01245

*Roxanne K. Heller*
*and DeRaven Design & Drafting*
Heslin, Rothenberg Law Firm              ANNETTE I. KAHLER, ESQ.
5 Columbia Circle                        CAROLINE B. AHN, ESQ.
Albany, NY 12203                         SUSAN E. FARLEY, ESQ.

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction[1]

Plaintiffs James Zalewski and Draftics, Ltd. commenced these

actions for copyright infringement under the Copyright Act of 1976, as

amended,[2] against multiple defendants, including T.P. Builders, Inc. and

Thomas Paonessa (collectively "T.P."); Roxanne K. Heller and DeRaven

Design & Drafting (collectively "DeRaven"); and Cicero Building Dev., Inc.

and Luigi Cicero (collectively "Cicero"). (*See* 3d Am. Compl., Dkt. No. 138,

---

[1] Unless otherwise noted, docket citations refer to case No. 10-cv-876. Although plaintiffs have filed a Notice of Appeal, (*see* Dkt. No. 199), the court maintains residual jurisdiction over collateral matters such as attorneys' fees and costs. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).

[2] 17 U.S.C. §§ 101-1332.

2

10-cv-876; Compl., Dkt. No. 1, 11-cv-1156.)  In a Memorandum-Decision and Order dated June 19, 2012, the court dismissed plaintiffs' claims, and entered judgment for defendants shortly thereafter.  (*See generally* Dkt. Nos. 194, 195.)  Pending are T.P., DeRaven and Cicero's motions for attorneys' fees and costs.  (*See* Dkt. Nos. 196, 197; Dkt. No. 25, 11-cv-1156.)  For the reasons that follow, T.P. and DeRaven's motions are granted in part, and Cicero's motion is denied.

## II.  Background

The court presumes the parties' familiarity with the underlying facts and procedural history as discussed in its previous Memorandum-Decision and Order.  (*See* Dkt. No. 194 at 3-7.)

## III.  Standard of Review

The Copyright Act provides that the court may award reasonable attorneys' fees to the prevailing party at its discretion.  *See* 17 U.S.C. § 505.  In making this determination, the court considers the following factors: "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)

3

SSPA-4

(quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

While there is not a "precise rule or formula" in determining whether an

award of fees is appropriate, *Silberstein v. Fox Entm't Grp., Inc.*, 536 F.

Supp. 2d 440, 443 (S.D.N.Y. 2008) (internal quotation marks and citations

omitted), courts generally afford greater weight to the objective

reasonableness of a claim.  *See Matthew Bender & Co. v. West Publ'g Co.*,

240 F.3d 116, 121-22 (2d Cir. 2001).  Yet no matter what factors the court

considers, it must remain "faithful to the purposes of the Copyright Act." *Id.*

at 121 (internal quotation marks and citations omitted).  Thus, simply

deciding which party prevailed is not determinative, *see Silberstein*, 536 F.

Supp. 2d at 443, as "the interests of the Copyright Act" are served by any

claim—successful or not—that aides in, *inter alia*, demarcating "the

boundaries of copyright law," *Matthew Bender*, 240 F.3d at 122 (internal

quotation marks and citations omitted).  *But see Matthews v. Freedman*,

157 F.3d 25, 29 (1st Cir. 1998) ("Depending on other circumstances, a

district court could conclude that the losing party should pay even if all of

the arguments it made were reasonable.")

## IV. **Discussion**

**SSPA-5**

Among other arguments,[3] T.P. DeRaven and Cicero[4] assert that plaintiffs' claims were objectively unreasonable, and thus, they are entitled to attorneys' fees and costs.  (*See* Dkt. No. 196, Attach. 1 at 2-5; Dkt. No. 197, Attach. 1 at 8-12; Dkt. No. 25, Attach. 1 at 1-5, 11-cv-1156.)  Relying, in part, on the evolving nature of architectural copyright law, plaintiffs counter that the causes of action contained in the Third Amended Complaint were reasonable; however, in so doing, they implicitly concede that the earlier Complaints were not legally sound.  (*See* Dkt. No. 200 at 1-12.)  Moreover, plaintiffs contend that even if attorneys' fees are appropriate, the fees requested are excessive.  (*See id.* at 12-19.)  The court will address each of these arguments in turn.

---

[3] A significant portion of the parties' submissions are improvidently devoted to matters, such as plaintiffs' motivations for commencing these cases, that are wholly immaterial. With respect to those matters, it suffices to say that the court is unpersuaded.  By the same token, defendants' argument on the frivolity of plaintiffs' claims is equally unavailing, and belied by the record.  Though the case was ultimately decided in defendants' favor, it was done so after a lengthy legal analysis in a relatively unsettled area of law.  Accordingly, frivolousness, at least as to the defendants who sought fees, is an improper basis to award fees in this case.  Finally, since the court is neither easily misled nor interested in refereeing collateral disputes between the parties, plaintiffs' requests to exclude certain motion papers and to file a surreply are denied.  (*See* Dkt. Nos. 208, 209, 212.)

[4] Cicero did not file its motion until August 21, 2012, over one month after judgment was entered in its favor.  (*See* Dkt. Nos. 23, 25, 11-cv-1156.)  However, "[u]nless a statute or court order provides otherwise," a motion for attorneys' fees "must be filed no later than [fourteen] days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B).  While this is not an inflexible rule, *see,e.g.*, *Tancredi*, 378 F.3d at 226-27, Cicero not only failed to seek an extension of time to file its motion, but also made no mention of timeliness, or the lack thereof, in any of its submissions, (*see generally* Dkt. No. 25, 11-cv-1156).  As such, Cicero's motion is denied as untimely, and further discussion of Cicero's motion is unnecessary.

SSPA-6

**A.    Appropriateness of Attorneys' Fees**

While some are clearer than others, defendants' arguments are essentially the same; each cites the protracted nature of this litigation and their ultimate success on the merits to support their contentions that plaintiffs' claims were objectively unreasonable.  (*See* Dkt. No. 196, Attach. 1 at 2-5; Dkt. No. 197, Attach. 1 at 8-12; Dkt. No. 25, Attach. 1 at 1-5, 11-cv-1156.)  However, their reliance on at least the latter factor is misplaced, as success alone is not dispositive.  *See Silberstein*, 536 F. Supp. 2d at 443.  Rather, in this Circuit, a finding of objective unreasonableness is generally reserved for those claims "that are clearly without merit or otherwise patently devoid of legal or factual basis."  *Id.* (internal quotation marks and citations omitted).  Applying this standard to plaintiffs' Third Amended Complaint, the court disagrees with defendants.

This is so for several reasons, including the fact that neither the Second Circuit nor this court has established any clear precedent that squarely fits the facts here.  (*See* Dkt. No. 194 at 12-29.)  Although the court identified ample support for its conclusion that the works in question were not substantially similar, it was only able to do so after conducting a side-by-side comparison of the works, with a focus on the elements thereof

6

that constituted protected expression.  (*See id.* at 29-38.)  Indeed, it is quite possible that this litigation, which is currently before the Circuit for review, will clarify the threshold between those architectural works that are sufficiently specific to warrant protection, and those that are not, as well as the appropriate test for substantial similarity where the work is only protectable as a compilation.  Given these considerations, the court is unpersuaded that plaintiffs' causes of action in their Third Amended Complaint lacked a legal or factual basis.

But the same cannot be said for plaintiffs' earlier Complaints, which were strewn with legal conclusions and lacked sufficient factual bases to survive defendants' motions to dismiss.  (*See generally* Dkt. No. 133.)  In fact, plaintiffs did not even include copies of their works or proof of copyright registration with either the Amended or Second Amended Complaints.  (*See* Am. Compl., Dkt. No. 11; 2d Am. Compl., Dkt. No. 60.) And while there are in excess of eighty drawings attached to the original Complaint, the description of the alleged infringement is nearly unintelligible.  (*See* Compl., Dkt. No. 1.)  Finally, plaintiffs' decision to name numerous defendants who they now admit "bore no culpability," (Dkt. No. 200 at 2), unnecessarily complicated the litigation.  Among other reasons,

7

these infirmities lead the court to conclude that plaintiffs' first three Complaints were "patently devoid of [a] legal . . . basis." *Silberstein*, 536 F. Supp. 2d at 443.

In sum, having reviewed the record as a whole, and considering both equity in awarding attorneys' fees and the purposes served by doing so, the court concludes that plaintiffs' first three Complaints were objectively unreasonable. On the contrary, plaintiffs' Third Amended Complaint was not so, as it advanced claims that will contribute to the demarcation of "the boundaries of copyright law." *Matthew Bender*, 240 F.3d at 122 (internal quotation marks and citations omitted). It follows that T.P. and DeRaven's motions for attorneys' fees are granted to the extent that they seek attorneys' fees for successfully defending against the first three Complaints.

### B.    Excessiveness of the Fees Requested

T.P. seeks $285,642.60 in attorneys' fees for 931.9 hours of work, with rates varying from $225 to $400 per hour, and $6,524.60 in costs. (*See* Dkt. No. 196, Attach. 1 at 9-10.) And DeRaven, for its 339.8 hours of work, requests $43,045 in attorneys' fees, but includes no mention of costs. (*See* Dkt. No. 197, Attach. 1 at 12-13.) Conversely, plaintiffs contend that

8

both the number of hours and hourly rates are excessive.  (*See* Dkt. No.
200 at 12-19.)  The court agrees with plaintiffs.

"Attorneys' fees are awarded by determining a presumptively
reasonable fee, reached by multiplying a reasonable hourly rate by the
number of reasonably expended hours."  *Bergerson v. N.Y. State Office of
Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir.
2011).  The so-called "lodestar" is not always conclusive, but must, "absent
extraordinary circumstances," be the starting point for a fee calculation.
*Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166-69 (2d Cir. 2011).  In
calculating the lodestar, the overwhelming majority of case-specific
circumstances, such as the novelty and complexity of the case, do not
warrant an adjustment; however, these factors are still relevant in
determining the reasonable hourly rate and "the reasonable number of
hours the case requires."  *See id.* at 167.  Ultimately, while a detailed
tabulation is unnecessary, the court should, at a minimum, "provide the
number of hours and hourly rate it used to produce the lodestar figure."  *Id.*
at 166-67 (citing *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1674
(2010)).

In the instant case, attorneys' fees are only appropriate for the hours

9

SSPA-10

spent defending against the first three Complaints.  Consequently, the

hours T.P. and DeRaven spent on other parts of this litigation, including the

time they devoted to asserting and defending against cross-claims, and all

of the time spent on this matter after the Third Amended Complaint was

filed must be excluded from the total number of hours each provided.[5]

(*See* Dkt. No. 196, Attach. 4; Dkt. No. 197, Attach. 3.)  To this end, T.P.'s

total number of compensable hours is reduced to 439.9—which reflects

21.4 hours for attorney Arlen Olsen and 418.5 hours for attorney Autondria

Minor—and DeRaven's total number of compensable hours is reduced to

133.3.  (*See id.*)

　　Turning to the reasonable hourly rate in this District, T.P.'s rates,

unlike the effective rate of $126 per hour DeRaven seeks, are excessive.

(*See* Dkt. No. 196, Attach. 1 at 9-10; Dkt. No. 197, Attach. 1 at 12-13.)   As

---

[5]  To accomplish the reduction, the court removed all of the hours billed after
September 1, 2011, the date the Third Amended Complaint was filed, and those hours from
earlier dates that were clearly associated with tangential matters, such as cross-claims and
conferences with insurance carriers.  (*See* Dkt. No. 196, Attach. 4; Dkt. No. 197, Attach. 3.)
Because plaintiffs offered only general observations on the number of hours billed, as opposed
to a line-by-line analysis, (*see* Dkt. No. 200 at 15-19), the court was forced to scrutinize the
records on its own.  Its final tabulation is thus entirely equitable, as the reduction here
balances the compensation due under 17 U.S.C. § 505, with the factors the court must take into account
in reaching the lodestar figure.  Moreover, notwithstanding T.P.'s request for costs, neither the
records provided, nor T.P.'s explanation of them, are sufficiently specific to permit the court to
identify the costs associated with the compensable portions of this litigation.  (*See* Dkt. No.
196, Attach. 1 at 9-10; Dkt. No. 207 at 11; Dkt. No. 207, Attachs. 1-2.)  It follows that T.P.'s
award will not include the $6,524.60 in costs its seeks.

10

Judge Miner stated in *Bergerson*, "The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  652 F.3d at 289-90 (internal quotation marks and citations omitted).  Applying this reasoning, the court recently noted that the "prevailing hourly rates" in this District were "$210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals."  *Broad. Music, Inc., v. DFK Entm't, LLC*, No. 1:10-cv-1393, 2012 WL 893470, at *7 (N.D.N.Y. Mar. 15, 2012) (internal quotation marks and citation omitted).  However, it also alluded to the fact that the rates are "slightly higher now."  *Id.*  Based on a review of other decisions on attorneys' fees in this District, the court concludes that, in this case, the following are reasonable rates:[6] $275 per hour for partners; $200 per hour for an attorney with more than four years experience; $170 per hour for an attorney with less than four years experience; and $90 per hour for paralegals.  After reviewing the record in

---

[6]  The court's decision with respect to the reasonable hourly rates is case specific, and has no binding precedential value on future fee applications.  Determining a reasonable hourly rate is properly left to the sound discretion of the trial judge in an individual case, and/or should be established by the Board of Judges as a matter of District policy.

this case, and considering all of case-specific circumstances, the court finds no reason to depart from these rates.

Here, both of T.P.'s attorneys are partners at Schmeiser, Olsen & Watts, LLP.  (*See* Dkt. No. 196, Attach. 1 at 8-9.)  Multiplying the reasonable number of hours that T.P spent on this litigation, 439.9, by the reasonable hourly rate of $275 per hour, the appropriate award is $120,972.50 in attorneys' fees.  Using the same methodology in calculating DeRaven's award, the appropriate sum is $16,795.80, which is the product of 133.3 hours times DeRaven's effective rate of $126 per hour.  It follows that T.P. and DeRaven's motions are granted, however the awards requested are reduced to $120,972.50 in attorneys' fees for T.P., and $16,795.80 for DeRaven.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Cicero's motion (Dkt. No. 25, 11-cv-1156) is **DENIED** as untimely; and it is further

**ORDERED** that T.P. and DeRaven's motions (Dkt. Nos. 196, 197) are **GRANTED**, however the awards requested are reduced to $120,972.50 in attorneys' fees for T.P., and $16,795.80 in attorneys' fees

SSPA-13

for DeRaven; and it is further

ORDERED that plaintiffs' letter requests (Dkt. Nos. 208, 209) are

DENIED; and it is further

ORDERED that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

IT IS SO ORDERED.

November 21, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

SSPA-14

===============================================================================

# ＊＊＊＊＊ UNITED STATES DISTRICT COURT ＊＊＊＊＊

NORTHERN            **DISTRICT OF**            NEW YORK

**JUDGMENT  IN  A CIVIL CASE**

**DOCKET NO.  1:10-cv-876 (GLS)**
**1:11-cv-1156**

**JAMES E. ZALEWSKI** *et al.*

**v.**

**T.P. BUILDERS, INC.** *et al.*

| | |
|---|---|
| _____ | **JURY VERDICT.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.** |
| **X** | **DECISION BY COURT.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been  rendered.** |

**IT IS ORDERED, that T.P. and DeRaven's motions (Dkt. Nos. 196, 197) are GRANTED, however the awards requested are reduced to $120,972.50 in attorneys' fees for T.P., and $16,795.80 in attorneys' fees for DeRaven.  That plaintiffs' letter requests (Dkt. Nos. 208, 209) are DENIED, in accordance with the Memorandum-Decision and Order issued by Chief Judge Gary L. Sharpe on November 21, 2012.**

__November 21, 2012__                              **LAWRENCE K. BAERMAN**
                                                  CLERK OF THE COURT

                              BY:      S/
                                       DEPUTY CLERK
                                       John Law