# 12-3448-cv (L)

**United States Court of Appeals**
for the
**Second Circuit**

JAMES E. ZALEWSKI, DRAFTICS, LTD.,

*Plaintiffs-Counter Defendants-Appellants,*

- v. -

CICERO BUILDER DEV., INC., LUIGI CICERO,

*Defendants-Third Party-Plaintiffs-Appellees,*

T.P. BUILDERS, INC., THOMAS PAONESSA,

*Defendants-Third Party-Cross Defendants-Counter Claimants-Appellees,*

CILLIS BUILDERS, INC., THEODORE CILLIS, III,

*Defendants-Cross Defendants-Cross Claimants-Appellees,*

*(For Continuation of Caption See Inside Cover)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS CILLIS BUILDERS, INC. AND THEODORE J. CILLIS, III - APPELLEES

DeGraff, Foy & Kunz, LLP
Attorneys for Defendants-Appellees
Cillis Builders, Inc. and Theodore J. Cillis, III
41 State Street, Suite 901
Albany, New York 12207
(518) 581-3200

DERAVEN DESIGN & DRAFTING, a Sole Proprietorship formed, on information and belief, in Albany County, New York.

*Defendant-Cross Claimant-Counter Claimant-Appellee.*

ROXANNE K. HELLER, a natural person.

*Defendant-Cross Defendant-Cross Claimant-Counter claimant-Appellee,*

V.S. SOFIA ENGINEERING, a Sole Proprietorship formed, on information and belief, in Albany County, New York    , SOFIA ENGINEERING, PLLC, a New York Limited Liability Company, VINCENZO S. SOFIA, a natural person,

*Defendant-Appellees,*

DALTON MCADAMS, MARY PAONESSA, a natural person, CW CUSTOM BUILDERS, LLC,
a New York Limited Liability Company, M.G. HEALTY BUILDERS, INC., a New York Corporation, MIKRON GENERAL CONTRACTORS, INC., a New York Corporation, MICHAEL G. HEALEY, a natural person, C.B . PRIME PROPERTIES, INC., a New York Corporation,
DBA Coldwell Banker Prime Properties, Inc., REALTY USA-CAPITAL DISTRICT AGENCY, INC., a New York Corporation, CARA CARLEY, a natural person, RICHARD H. GREEN, P.E., P.C., a New York Professional Corporation, RICHARD H. GREEN, a natural person, SARATOGA GLEN BUILDERS, LLC, a New York Limited Liability Company, INGALLS & ASSOCIATES, LLP, a New York Limited Liability Partnership on information and belief, FKA Ingalls, SMART ASSOCIATES, KELLER WILLIAMS REALTY, INC., a Texas Corporation, KELLER WILLIAMS REALTY CAPTIAL DISTRICT, a New York unincorporated entity, DANIELLE ENOS, a natural person, KEITH ENOS, a natural person, KEITH VINEHOUT, a natural person, LAWRENCE  WARNER, a natural person, MICHAEL MARTIN, a natural person, JOSEPH R. SEVERENCE, a natural person, CREATIVE DRAFTING SERVICES, INC., a New York Corporation, DAVID J. HOPPER, a natural person, SHELROC HOMES, LLC,  a New York Limited Liability Company, CAPITAL FRAMING, INC., a New York Corporation, JOSEPH M. CLARK, a natural person, SCOTT A. HARGRAVES, Husband of Kristen M. Hargraves, Owner of Record, 37  JoAnn Court, Colonie, Albany County,

New York, a natural person, KRISTEN M. HARGRAVES, Wife of Scott A. Hargraves, Owner of Record, 37 JoAnn Court, Colonie, Albany County, New York, a natural person, QUDSEYA ANWAR, Owner of Record, 564 Snyders Lake Road, North Greenbush,  Rensselaer County, New York, a natural person, ROBERT K. SUTHERLAND, Husband of Deborah L. Sutherland, Owner of Record, 35 JoAnn Court, Colonie, Albany County, New York, a natural person, DEBORAH L. SUTHERLAND, Wife of Robert K. Sutherland, Owner of Record, 35 JoAnn Court, Colonie, Albany County, New York, a natural person, LAWRENCE W. WARNER, Husband of Mary Warner, Owner of Record, 10 Peachtree Lane, Colonie, Albany County, New York, natural person, MARY WARNER, Wife of Lawrence W. Warner, Owner of Reco4rd, 10 Peachtree Lane, Colonie, Albany County, New York, a natural person, JOEPH GOYETTE, Husband of Jennifer Goyette,  Owner of Record, 14 Peachtree Lane, Colonie, Albany County, New York, a  natural person, JENNIFER GOYETE, Wife of Joseph Goyette, Owner of Record, 14 Peachtree Lane, Colonie, Albany County, New York, a natural person, JOHN A. RICCI, Owner of Record, 6 Peachtree Lane, Colonie, Albany County, New York, a natural person, BETH F. BIRNBAUM, Owner of Record, 6 Peachtree Lane, Colonie, Albany County, New York, a natural person, PETER S. NATI, Husband of Maureen A. Nati, Owner of Record, 5 Peachtree Lane, Colonie, Albany County, New York, a natural person, MAUREEN A. NATI,  Wife of Peter S. Nati, Owner of Record, 5 Peachtree Lane, Colonie, Albany County, New York, a natural person, PETER A. LOMANTO, Husband of Roxanne Lomanto, Owner of Record, 24 Arch Avenue, Bethlehem, Albany County, New York, a natural person, ROXANNE LOMANTO, Wife of Peter A. Lomanto, Owner of Record, 24 Arch Avenue, Bethlehem, Albany County, New York, a natural person, ROBERT C. CARL, Husband of Brenda H. Carl, Owner of Record, 14 Dominico Dr., Bethlehem, Albany County, New York, a natural person, BRENDA H. CARL, Wife of Robert C. Carl, Owner of Record, 14 Dominico Dr., Bethlehem, Albany County, New York, a natural person, JOHN D. ROBINSON, Husband of Andrea Robinson, Owner of Record, 19 Timber Lane, Bethlehem, Albany County, New York, a natural person, ANDREA ROBINSON, Wife of John D. Robinson, Owner of Record, 19 Timber Lane, Bethlehem,  Albany County, New York, a natural person, DONALD A. DAWSON, JR., Husband of Joan E. Dawson, Owner of Record, 20 Timber Lane, Bethlehem, Albany County, New York, a natural person, JOAN E. DAWSON, Wife of Donald A. Dawson Jr., Owner of Record, 20 Timber Lane, Bethlehem, Albany County, New York, a natural person, DAVID GERICKE, Husband of Lorraine Gericke, Owner of Record, 23 Timber Lane, Bethlehem, Albany County, New York, a natural person, FKA John Karamanlis, LORRAINE GERICKE, Wife of David Gericke, Owner of Record, 23 Timber Lane, Bethlehem, Albany County, New York, a natural person, FKA Michelle Karamanlis, PAUL J. STENTO, Husband of Judith L. Stento, Owner of

Record, 24 Timber Lane, Bethlehem, Albany County, New York, a natural person, JUDITH L. STENTO, Wife of Paul J. Stento, Owner of Record, 24 Timber Lane, Bethlehem, Albany County, New York, a natural person, PAUL L. MARSHALL, Owner of Record, 73 Henderson Road, Bethlehem, Albany County, New York, a natural person, JENNIFER A. PULI, Owner of Record, 73 Henderson Road, Bethlehem, Albany County, New York, a natural person, JAMES F. LARAMIE, Jr., Husband of Harleen M. Laramie, Owner of Record, 30 Timber Lane, Bethlehem, Albany County, New York, a natural person, HARLEEN M. LARAMIE, Wife of James F. Laramie, Jr., Owner of Record, 30 Timber Lane, Bethlehem, Albany County, New York, a natural person, LOUIS MEO, Husband of Patricia A. Meo, Owner of Record, 57 Henderson Road, Bethlehem, Albany County, New York, a natural person, PATRICIA A. MEO, Wife of Louis Meo, Owner of Record, 57 Henderson Road, Bethlehem, Albany County, New York, a natural person, KEVIN M. QUINN, Husband of Meryl P. Quinn, Owner of Record, 71 Patterson Drive, Bethlehem, Albany County, New York, a natural person, MERYL P. QUINN, Wife of Kevin M. Quinn, Owner of Record, 71 Patterson Drive, Bethlehem, Albany County, New York, a natural person, JOSEPH M. PICKETT, JR., Owner of Record, 52 Whitney Road South, Saratoga Springs, Saratoga County, New York, a natural person, MEGHAN SMITH, Owner of Record, 52 Whitney Road South, Saratoga Springs, Saratoga County, New York, a natural person, CHARLES R. HAYES, Owner of Record, 1 Peachtree Lane, Colonie, Albany County, New York, a natural person, ASHLEY L. BEADLE, Owner of Record, 1 Peachtree Lane, Colonie, Albany County, New York, a natural person, RAYMOND FOLLI, Husband of Amy Folli, Owner of Record, 9 Kaleen Drive, Ballston Spa, Saratoga County, New York, a natural person, AMY FOLLI, Wife of Raymond Folli, Owner of Record, 9 Kaleen Drive, Ballston Spa, Saratoga County, New York, a natural person, THOMAS A. BULT, Husband of Randi S. Bult, Owner of Record, 4186 Albany Street, Albany, Albany County, New York, a natural person, RANDI S. BULT, Wife of Thomas a. Bult, Owner of Record, 4186 Albany Street, Albany, Albany County, New York, a natural person, 1Owner of Record, 1 Kaleen Drive, Ballston Spa, Saratoga County, New York, presumed to be one or more natural persons, 9Owner of Record, 9 Kaleen Drive, Ballston Spa, Saratoga County, New York, presumed to be one or more natural persons, 11Owner of Record, Owner of Record, 11 Kaleen Drive, Ballston Spa, Saratoga County, New York, presumed to be one or more natural persons, 14Owner of Record, Owner of Record, 14 Thoroughbred Circle, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 23Owner of Record, Owner of Record, 23 Thoroughbred Circle, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 24Owner of Record, Owner of Record, 24 Thoroughbred Circle, Bethlehem, Albany County, New York, presumed to be one or more natural persons, 32Owner of Record, Owner of Record,

32 Thoroughbred Circle, Bethlehem, Albany County, New York, presumed to be one
or more natural persons, 42Owners of Record, Owner of Record, 42 Patterson Drive,
Bethlehem, Albany County, New York, presumed to be one or more natural persons,
45Owners of Record, Owners of Record, 45 Patterson Drive, Bethlehem, Albany
County, New York, presumed to be one or more natural persons, 61Owners of
Record, Owners of Record, 61 Patterson Drive, Bethlehem, Albany County, New
York, presumed to be one or more natural persons, 104Owner of Record, Owner of
Record, 104 Stacey Crest Drive, Rotterdam, Schenectady County, New York,
presumed to be one or more natural persons, 5011Owner of Record, 5011 Colonial
Drive, Guilderland, Albany County, New York, presumed to be one or more natural
persons, JONATHAN S.VAN ETTEN, 24 Timber Lane, Glenmont, NY 12077,
MARY S. VAN ETTEN, 24 Timber Lane Glenmont, NY 12077, Owner of Record,
Huadong Cui, 57 Henderson Road, Glenmont, NY 12077, Owner of Record,
CHRISTIAN J. GRIECO, 71 Henderson Road, Glenmont, NY 12077, Owner of
Record, DEBRA L. GRIECO, 71 Henderson Road, Glenmont, NY 12077, Owner of
Record, JOHN A. TUROSKI, 42 Patterson Drive, Glenmont, NY 12077,
MARGARET E. TUROSKI, 42 Patterson Drive, Glenmont, NY 12077, DAVID B.
LANG, 61 Patterson Drive, Glenmont, NY 12077, KATHRYN F. LANG, 61
Patterson Drive, Glenmont, NY 12077, CHARLES SERAPILIO, 104 Stacey Crest
Drive Rotterdam, NY 12306,

*Defendants.*

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT

---

JAMES E. ZALEWSKI and DRAFTICS, LTD.,
a natural person,

PLAINTIFF - APPELLANTS,

-vs.-                                          Civil Action No. 12-
                                               3450CV

T.P. BUILDERS, INC.; et al.,

DEFENDANTS - APPELLEES.

---

## DISCLOSURE STATEMENT UNDER RULE 26.1

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure,

Defendant Cillis Builders, Inc. provides this disclosure statement. Defendant Cillis

Builders, Inc. does not have a parent corporation. Further, Defendant, Cillis

Builders, Inc. does not have any affiliates that would require Cillis Builders, Inc. to

address whether any publicly held corporation owns 10% or more of Cillis

Builders, Inc.'s stock.

DATED: July ___, 2013            DeGRAFF, FOY & KUNZ, LLP

                                 _____
                                 George J. Szary, Esq.
                                 Attorneys for the Appellee- Defendants,
                                 Cillis Builders, Inc. and Theodore J. Cillis
                                 41 State Street
                                 Albany, New York 12207
                                 (518) 462-5300

Page 1 of 1

# **TABLE OF CONTENTS**

Statement of Issues Presented for Review ............................................................. 1

Statement of the Case ......................................................................................... 1

Statement of Facts ............................................................................................. 2

Standard of Review ............................................................................................ 6

Summary of the Argument ................................................................................. 7

Argument ........................................................................................................... 8

    I.    The District Court Properly Dismissed the Claim for Alleged
        Infringement Against the Cillis Defendants ...................................... 8

        A.    DRA212 is not Eligible for Copyright Protection ........ 9

        B.    Assuming arguendo DRA212 is Eligible for
            Copyright Protection, There is No Substantial
            Similarity Under the Ordinary Observer Test .............. 11

    II.    Assuming Arguendo the DRA212 Work is Capable of
        Copyright Protection, the District Court Properly Determined it
        to be a Compilation Deserving Only Thin Protection Under
        Copyright Law .................................................................................. 13

Conclusion ......................................................................................................... 16

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................. 7

*Attia v. Soc'y of the N.Y. Hosp.*, 201 F.3d 50 (2d Cir. 1999) .......................... 9, 10

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ......................................... 7

*Feist Publications, Inc. v. Rural Telephone Service Co.*,
499 U.S. 340 (1991) ...................................................................................... 14, 16

*Intervest Constr., Inc. v. Canterbury Estate Homes, Inc.*,
554 F.3d 914, 919 (11th Cir. 2008) .................................................. 10, 14, 15, 16

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,*
602 F.3d 57, 66 (2d Cir. 2010) ............................................................................ 12

*Scholz Design, Inc. v. Sard Custom Homes, LLC,*
691 F.3d 182, 185 (2d Cir. 2012) ................................................................. 6, 9, 10

*Shine v. Childs*, 382 F.Supp.2d 602, 607 (S.D.N.Y 2005) .................................... 8

*Trammell v. Keane*, 338 F.3d 155, n.2 (2d Cir. 2003) .......................................... 7

*Walker v. Time Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986) .............................. 13

## STATUTES

Architectural Works Copyright Protection Act ("AWCPA"),
Pub. L. No. 101-650, tit. VII (1990) ........................................................... 9, 10, 11

Fed. R. Civ. P. 56(a) ............................................................................................. 7

17 U.S.C. §101 ..................................................................................................... 15

## OTHER AUTHORITIES

18 Am. Jur. 2d *Copyright and Literary Property* §229 ...................................... 12

4 Melville B. Nimmer & David Nimmer, Nimmer on
Copyright § 13.03[A][4]....................................................................................... 14

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.    Was the District Court correct in granting the Appellees' Motion to Dismiss the Third Amended Complaint for failure to state a claim for copyright infringement?

2.    Was the District Court correct in denying Appellants' motion for partial summary judgment of substantial similarity against the Appellee?

## STATEMENT OF THE CASE

This action was commenced in July 2010 by the Appellants against a myriad of defendants including homeowners, realtors and surveyors for alleged copyright infringement in the design and construction of residential homes in the Capital District.  Cillis Builders, Inc. ("CBI") and Theodore J. Cillis, III ("Cillis"), collectively ("Cillis Defendants"), were not made a party to the case until the filing of the Second Amended Complaint which was later dismissed for failure to state a cause of action.  The Appellants then filed yet a Third Amended Complaint which was also dismissed and is the subject of this appeal.

The Appellants have alleged copyright infringement of their DRA212 work against the Cillis Defendants.    The District Court found that not only is Appellants' DRA212 not eligible for copyright protection but even assuming that it was, the Appellants failed to state a cause of action because no substantial

1

similarity exists between DRA212 and the Cillis Defendants' alleged infringing home at 11 Nicole Ct.

A limited deposition of the Plaintiff was Ordered and conducted. The Appellants conceded discovery was complete by the filing of a cross-motion for partial summary judgment in response to the Cillis Defendants' motion to dismiss the Third Amended Complaint.

## STATEMENT OF FACTS

The Cillis Defendants are comprised of Cillis Builders, Inc. a New York corporation engaged in the business of residential home construction in the Capital District and surrounding areas and Theodore J. Cillis, III, the president of Cillis Builders, Inc. A141, ¶ 1 -2.

Appellant, James E. Zalewski, prepares floor plans for residential homes to be reviewed and stamped by a professional engineer, and is the sole shareholder of Appellant Draftics, Ltd. A49, ¶ 18. Mr. Zalewski performed drafting services for CBI from approximately 1994 through 2003. As the business of CBI grew the company required the services of other draftsmen with greater capacity. A141, ¶ 3.

In 1998 Appellant Zalewski gave a one page promotional sketch to CBI for use by realtors in hopes of soliciting new business. A142, ¶ 5. The promotional sketch lacked any of the detail or specifications necessary to construct a residential home and was not stamped by a professional engineer as is required to obtain a

2

building permit from any municipality. A142, ¶ 5, 6 and A153. The sketch generally depicted a colonial style home but was impossible to be used to construct a home. A142, ¶ 5.

## A. The Construction of 11 Nicole Court

In 2008, CBI was contacted by Susan and Matthew Riggi about the possibility of the Company building them a home. A144, ¶ 7. Based on early discussions, the Riggi's indicated their desire to construct a generic Colonial Style home. For approximately one year prior to CBI and the Riggi's entering into a contract, representatives of CBI met with the Riggi's to discuss general layout, style, and pricing of the new home. A144, ¶ 7. As a result of numerous meetings and with significant input from the Riggi's, unique construction drawings tailored to their particular preferences were prepared by CBI's architect, with all the specifications and detail necessary to construct a new home and obtain a building permit. A144, ¶ 8.

Thereafter, CBI constructed the Colonial style home for the Riggi's. At closing, title was conveyed and the Riggi's paid CBI for the home at 11 Nicole Court. A145, ¶ 11 and A165-A194. The house did not resemble the one page promotional sketch provided to CBI by the Appellant Zalewski. A145, ¶ 13.

The Cillis Defendants deny any allegations of copyright infringement. Cillis acknowledges the receipt of a single page promotional sketch from the Appellant

3

Zalewski labeled "DRA212A" generally depicting a first and second story floor plan for a single family residential colonial home. A142, ¶ 5. However, construction of a home from this promotional sketch is impossible for numerous reasons including but not limited to a lack of dimensions, elevations, compliance with codes and necessary materials. A142-143, ¶ 5 - 6. In addition, the Appellant is admittedly not a licensed engineer and therefore any and all designs drafted by him must be stamped by a professional engineer. A142, ¶ 5. The promotional sketch bears no such stamp and is nothing more than a simple drawing not eligible for copyright protection.

Moreover, there are significant material differences between the 11 Nicole Court construction and the generic colonial structure depicted in Appellant Zalewski's one page promotional sketch as well as the "design" referred to as DRA212. A142 ¶ 6, A145, ¶ 10 and A68, ¶ 119. In particular, the following distinctions demonstrate the 11 Nicole Court construction is not substantially similar to the Appellants' promotional sketch:

a. The Cillis home has a family room which the Zalewski design lacks;

b. The Cillis home has a living room which the Zalewski design lacks;

c. The Fireplace is located in the Family room in the Cillis home;

4

       d.      The Cillis home features an extension of the kitchen wall by approximately 2 feet;

       e.      The main bathroom is adjacent to bedroom # 1 and # 2 and located at the rear of the house in the Cillis construction plans;

       f.      Exterior elevation is completely different as to window design, style and location;

       g.      Elevation of the roof line design, style and location is different; and

       h.      Bedroom #2 includes additional square footage not reflected on plaintiffs' promotional sketch.

A145, ¶ 10.

## B. Procedural Posture

At the time of commencement, the Cillis Defendants were not a party to the case. After stipulating to the dismissal of the case against a tremendous number of real estate companies, agents and homeowners, Appellants filed an Amended Verified Complaint dated August 24, 2010, again not including the Cillis Defendants. On October 27, 2010, thereafter Appellants amended the complaint yet again, this time to include CBI and Cillis, individually, as defendants.

After dismissing the Appellants' Second Amended Complaint against the Cillis Defendants for failure to adequately plead a claim, the District Court graciously granted the Appellants leave to file a Third Amended Complaint on or before September 1, 2011. On September 1, 2011, the Appellants filed a Third

Amended Complaint. A47.    Thereafter, the Cillis Defendants filed a motion to dismiss the Third Amended Complaint for failure to state a cause of action. A139. The Appellants cross-moved for partial summary judgment. A312. The District granted the Cillis Defendants' motion to dismiss and denied the Appellants cross-motion for partial summary judgment on February 22, 2012. SPA1.  On June 18, 2012, in granting summary judgment to other Defendants to this case, the District Court exercised it discretion to amend the reasoning of its February 22, 2012 decision.  SPA9.

## STANDARD OF REVIEW

The Cillis Defendants agree with the Appellants' statement that the standard of review of a District Court's grant of a motion to dismiss and denial of a motion for summary judgment is *de novo*.  *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 185 (2d Cir. 2012) However, because the Appellants' brief addresses several different motions made by the various parties in this case, the Cillis Defendants submit the following for the sake of clarity.

On February 22, 2012 the District Court granted the Cillis Defendants' motion to dismiss Appellants' Third Amended Complaint and denied Appellants' cross motion for summary judgment. SPA12.  Although the standard of review is *de novo* for both a motion to dismiss and motion for summary judgment, in order to find that error in the District Court's determination, the Appellate Court must

6

determine that the Complaint contains "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

A substantial portion of the Appellants' argument on this appeal is that the denial of the cross-motion for partial summary judgment was in error. It is argued that "only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Trammell v. Keane*, 338 F.3d 155, n.2 (2d Cir. 2003). Contrary to this assertion, the Appellants' own cross- motion for summary judgment on November 14, 2011 in response to the Cillis Defendants' motion to dismiss the Third Amended Complaint conceded that there were no genuine issues of material fact. SPA23. Appellants cannot now be heard to complain about the lack of discovery when they admitted that there was no need for further information, and never raised the issue before the District Court. *See also*, Fed. R. Civ. P. 56(a)

## SUMMARY OF THE ARGUMENT

The District Court properly determined that Appellants failed to state a cause of action upon which relief can be granted against the Cillis Defendants and dismissed the Third Amended Complaint against them. Specifically, the District Court found that a visual comparison which supersedes any descriptions of DRA212 with the allegedly infringing home constructed by the Cillis Defendants

at 11 Nicole Court, revealed no substantial similarities under the ordinary observer test. Notwithstanding the initial determination of no substantial similarity, the District Court amended its February 22, 2012 decision on June 18, 2012 and correctly held that DRA212 was merely an expression of an idea in the form of a sketch, and not a plan eligible for copyright protection in the first instance and thus dismissed all claims relating to DRA212. The District Court further explained that in order to be eligible for copyright protection, it must be shown that there is super substantial similarity and near identity between the work and the alleged infringing design.

## ARGUMENT

**I.  THE DISTRICT COURT PROPERLY DISMISSED THE CLAIM FOR ALLEGED INFRINGEMENT AGAINST THE CILLIS DEFENDANTS**

In Count IV of the Third Amended Complaint, Appellants allege the Cillis Defendants infringed upon their architectural work labeled "DRA212" with the construction of 11 Nicole Court. A71. Under the Copyright Act, a party seeking to establish infringement must prove: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Shine v. Childs*, 382 F.Supp.2d 602, 607 (S.D.N.Y 2005). The District Court dismissed the Complaint against the Cillis Defendant in two separate decisions, for two separate and distinct

reasons finding that Appellants failed to state a cause of action and that no infringement existed. SPA12 and SPA31.

First, in the February 22, 2012 Decision, the District Court compared the allegedly infringing home with the Appellant's DRA212 work using the ordinary observer test and found no substantial similarity. Then, upon further consideration, in its June 18, 2012 Decision the District Court determined that the Appellant's DRA212 was not even entitled to copyright protection in the first place and dismissed all claims regarding DRA212. SPA31.   For ease of explanation, we address the appropriateness of these findings in reverse order.

## A.     DRA212 IS NOT ELIGIBLE FOR COPYRIGHT PROTECTION

In determining that copyright protection was not available for DRA212, the District Court relied on the sound reasoning of *Attia v. Soc'y of the N.Y. Hosp.*, 201 F.3d 50 (2d Cir. 1999). The District Court concluded that DRA212 is "barely a first step toward the realization of a plan" and agreed with the Cillis Defendants that the work is best described as a sketch, containing only ideas and concepts not capable of protection under copyright law. SPA30-31.

The Appellants contend that the District Court's reliance on *Attia* was in error.  In support of this argument, the Appellants attempt to mislead this Court and direct attention to <u>isolated and selective</u> language from *Scholz*.  Critically, the Appellants fail to mention that the plaintiff in *Scholz* did not allege infringement

9

under the Architectural Works Copyright Protection Act ("AWCPA"), Pub. L. No. 101-650, tit. VII (1990) as the Appellant does in the instant case. Instead, the plaintiff in *Scholz* seeks protection under the Copyright Act for *pictorial works* not *architectural works*. *Id.* at 189.   The distinction is significant.

Moreover, the Court clearly stated in *Scholz* that "architectural works are currently afforded special status under the law", *to wit*: entitlement to copyright protection grounded exclusively in the arrangement and composition of unprotected elements. *Intervest Constr., Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914, 919 (11th Cir. 2008).   The reasoning in *Scholz* was premised solely on the Copyright protection available to pictorial works prior to the enactment of the AWCPA. *Scholz* is absolutely distinguishable from the instant case and should not be considered by this Court.

Notwithstanding, the District Court's reliance on *Attia* was entirely proper. To be sure, the District Court was mindful that *Attia* did not instruct that only "final construction drawings can contain protected expression" *Id.* at 56-57. Instead, the District Court properly acknowledged that in order to be protected the work must be more than "rough ideas of a general nature".   SPA30, quoting *Attia*, 56-57. Here, the promotional sketch received by the Cillis Defendants was merely a bare bones layout of the first and second floor, from which the construction of a home is impossible and cannot be classified as an architectural plan.   As pointed

10

out in the affidavit of Theodore Cillis, numerous critical elements for the construction of a home are missing from DRA212. A142, ¶ 6.

Saliently, as the District Court aptly discerned, a comparison of DRA212, DRA216 and DRA313 to Appellee T.P. Builder's plan or the remainder of the Appellants' works involved in this lawsuit shows that "the conceptual nature of these drawings is readily apparent." SPA31. Critical elements necessary to the construction of a home are missing from the DRA212 design. A142, ¶ 6. There is simply no protection that is offered under the AWCPA for a conceptual sketch and as a result, the Appellants' claims against the Cillis Defendants were properly dismissed by the District Court on this ground. SPA3

## B.   EVEN IF DRA212 IS ELIGIBLE FOR COPYRIGHT PROTECTION, THERE IS NO SUBSTANTIAL SIMILARITY UNDER THE ORDINARY OBSERVER TEST

Notwithstanding the District Court's amended finding that DRA212 was not eligible for copyright protection, the District Court previously conducted a substantial similarity analysis of DRA212 with the Cillis Defendants' allegedly infringing home at 11 Nicole Court. In its February 22, 2012 Decision dismissing the Third Amended Complaint, the Court found that no substantial similarity exists between the Appellants' DRA212 sketch and the 11 Nicole Ct. home constructed by the Cillis Defendants.

11

The District Court applied the "ordinary observer test" to determine whether the works were substantially similar.   Works are considered to be substantially similar under this analysis if "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 66 (2d Cir. 2010) (citations omitted). Thus, the appropriate test for determining substantial similarity is whether the ordinary observer would recognize the copy as having been taken or appropriated from the copyrighted work. 18 Am. Jur. 2d *Copyright and Literary Property* §229

A visual comparison is all that is necessary under the ordinary observer analysis and the Appellants concede this point. Appellants' Brief, p. 13. Remarkably, the Appellants did not bother to attach illustrations of the Appellees' accused properties to the Third Amended Complaint. SPA7. Despite the Appellants failure in this regard, the District Court visually compared the Appellants' DRA212 with the Cillis Defendants' accused property at 11 Nicole Court.   SPA9.   The District Court found "among other distinctions, [the] differences in room dimensions between the floor plans; the shapes and placement of windows and doors; and the design of roofs." SPA9.   The Appellants' allegations, and most importantly the images, do not support a finding of substantial similarity.  SPA10.

12

The District Court clearly articulated why the works are not substantially similar after conducting the visual comparison yet Appellants, after countless opportunities to do so, never articulated what portions of the 11 Nicole Court and DRA212 are alleged to be substantially similar under the ordinary observer test.  In fact, the Appellants' desperately assert on this appeal that "the total concept and overall feel of the infringing designs are the same", and expect this Court to find that substantial similarity between the works exists.  Appellants' Brief, p. 14.  This allegation is not even directly relevant to 11 Nicole Court but rather the entirety of the accused properties.

The law is clear and requires that the images control.  *Walker v. Time Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986) "[In] light of the illustrations and images submitted by the parties", the District Court found the allegations of similarity between the works to be unfounded and properly dismissed the Third Amended Complaint against the Cillis Defendants for failure to state a cause of action.  SPA10.

## II.   ASSUMING AGRUENDO THAT THE DRA212 WORK IS CAPABLE OF COPYRIGHT PROTECTION, THE DISTRICT COURT PROPERLY DETERMINED IT TO BE A COMPILATION DESERVING ONLY THIN PROTECTION UNDER COPYRIGHT LAW

As previously set forth herein, the June 18, 2012 District Court decision dismissed all claims relating to DRA212 finding that it was not entitled to

13

copyright protection in the first instance.  An analysis of the scope of copyright protection that may be available for a work eligible for copyright protection was also included in the Court's decision.  Assuming *arguendo* that the District Court intended to include the Cillis Defendants' alleged infringement of the Appellants' DRA212 work in its discussion regarding the scope of copyright protection available, the Court properly determined that the Appellants' works are only compilations entitled to thin copyright protection.

It is well settled that when a work is entitled to only thin copyright protection, the Appellants' must show super substantial similarity between the works and near identity of design to be successful on a claim for copyright infringement. 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.03[A][4].  The Appellants' principal argument is that it was an error to equate their works to compilations, which are worthy of only thin protection.  In holding that the Appellants' works were compilations the District Court followed the sound reasoning of *Intervest*, 554 F.3d 914.  *Intervest* instructs "that an architectural work, whose entitlement to copyright protection is grounded exclusively in the arrangement and composition of unprotected elements is legally indistinguishable from a compilation." SPA37-38.

It is further argued by the Appellants that it was an error for the District Court to rely on *Intervest* because the case misinterprets *Feist Publications, Inc. v.*

14

*Rural Telephone Service Co.*, 499 U.S. 340 (1991). In *Feist*, the Court explained in detail that facts are not copyrightable because facts do not owe their origin to an act of authorship." *Id* at 347.    It was not an error in this case for the Court to equate the elements of a home design to facts.  For example, there is nothing original about the inclusion of bedrooms in a design of a home as they are standard features.    In fact, after one deposition, the filing of four (4) complaints and exhaustive motion practice, the Appellants have still yet to identify even one component of DRA212 that is original and individually eligible for copyright protection.    Thus, the only available protection that may be found is in the compilation of unprotected elements.

The District Court even afforded the Appellants the benefit of the doubt that the failure to mention an individually protectable element was an error.    An independent analysis of the work was undertaken by the Court but the Court was unable to identify any individual aspect which was original and owed its origin to the Appellants. SPA34.    As a result, the Appellants' designs are merely compilations of unprotected elements, or facts, entitled to protection based solely upon "the arrangement and composition of spaces and elements in the design". *Intervest* at 919; quoting 17 U.S.C. §101

Moreover, the statutory definition of an architectural work confirms that the Appellants' works are merely compilations.  An architectural work is defined as

15

"the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." 17 U.S.C. §101 Comparatively, a compilation is statutorily defined as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." *Id.* In the absence of an individually identifiable protected element within the work, the two definitions are indistinguishable. *Intervest* at 919.

It follows then, that as a matter of law, that for the District Court not to rely upon the sound reasoning of *Intervest* and *Feist* in this case, it would have been necessary for the Appellants' work to contain some individually identifiable element, other than standard features, which is entitled to copyright protection. The Appellants' have failed in this regard and as a result the application of super substantial similarity and near identity of design was the appropriate analysis to be used by the District Court.

## CONCLUSION

For the reasons set forth herein, the District Court's dismissal of the Appellants' Third Amended Complaint must be affirmed. Even affording the

Appellants' the benefit of determining the DRA212 work is entitled to copyright protection, there are no substantial similarities under the ordinary observer test and the Appellants' have repeatedly failed to articulate any such similarities. Moreover, it is clear as a matter of law that the work is not entitled to copyright protection because it is a mere compilation of facts deserving only thin copyright protection and requiring near identity of design. The District Court properly made these determinations and the Appellants' have failed to prove otherwise.

DATED: July 1, 2013

George J. Szary, Esq.
DeGRAFF, FOY & KUNZ, LLP
Attorneys for the Appellee- Defendants,
Cillis Builders, Inc. and Theodore J. Cillis
41 State Street, Suite 901
Albany, New York 12207
(518) 462-5300

## CERTIFICATE OF COMPLIANCE – RULE 32(A)(7)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,806 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type face style requirements on Fed. R. App. P. 32(a)(6) because his brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2007 in 14-point Times New Roman font.

July 1, 2013                              /s/ George J. Szary
                                          George J. Szary